IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIAN WILSON a/k/a FUDAYL WAKIM,<br><br>Movant/Defendant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent/Plaintiff. | Criminal Action No. 16-93-1 (MN)<br>Civil Action No. 22-905 (MN) |

# **MEMORANDUM OPINION**

Brian Wilson a/k/a Fudayl Wakim. Pro se Movant.

Carly A. Hudson, Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Attorney for Respondent.

October 29, 2026
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Pending before the Court is Movant Brian Wilson, also known as Fudayl Wakim's pro se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (D.I. 499). Movant filed a Memorandum of Law in support of the Motion. (*Id.* at 13-36). The Government filed a Response (D.I. 513), to which Movant filed a Reply (D.I. 519). Movant subsequently filed a motion for leave of court to file a supplemental pleading (D.I. 531) and the proposed supplemental pleading (D.I. 535). For the reasons set forth below, the Court denies the Motion in part. The Court, however, will schedule an evidentiary hearing pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings for the United States District Courts on Movant's ineffective assistance of counsel claims alleging that: (1) counsel failed to investigate and inform him of how the 21 U.S.C. § 851 enhancement, as the law stood during plea negotiations, affected his potential sentence exposure; (2) counsel failed to inform him that acquitted conduct could be considered at sentencing; and (3) counsel failed to inform him that he could be convicted of a lesser included offense. *See* Sections III.A.1.b and III.C.

## I. BACKGROUND

In 2017, a federal grand jury returned a Superseding Indictment charging Movant with violating 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846 for conspiring to distribute, and to possess with intent to distribute, five kilograms or more of cocaine (Count I) and violating 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846 for conspiring to distribute, and to possess with intent to distribute a mixture and substance containing a detectable amount of heroin (Count II).[1] (D.I. 64). Movant subsequently filed a Motion to Suppress Intercepted Wire and Electronic Communications and All Evidence Adduced from Interception of Wire and Electronic Communications (D.I. 100)

[1] The indictment contained nine counts charging Movant and five codefendants; only two of the counts pertained to Movant. (D.I. 64).

and a Motion to Quash the Superseding Indictment (D.I. 101), both of which the Court denied. (D.I. 179). The case proceeded to a jury trial in September 2018 before Chief Judge Leonard P. Stark. (D.I. 277; D.I. 278; D.I. 279; D.I. 280; D.I. 281; D.I. 283; D.I. 284; D.I. 286). The jury found Movant guilty of both counts, but as to Count I for the lesser included offense associated with finding the amount of cocaine attributable to him to be 500 grams or more but less than five kilograms. (D.I. 255). On February 26, 2019, Movant was sentenced to 252 months imprisonment and 8 years supervised release on Count I and 240 months imprisonment and 8 years supervised release on Count II, all to run concurrently. (D.I. 327 at 2-3; D.I. 356).

Movant filed an appeal, challenging "the admissibility of statements made during telephone calls while he was in jail, the testimony of the Special Agent, the court's reliance on acquitted conduct at sentencing, and the purported lack of notice that the court would rely upon information from his co-defendants in imposing his sentence." *See United States v. Wilson*, 852 F. App'x 84, 86–87 (3d Cir. 2021). The Third Circuit Court of Appeals affirmed Movant's judgment of conviction and sentence. *Id.* This case was reassigned to the undersigned's docket on April 20, 2022. Thereafter, Movant filed the instant § 2255 Motion, raising claims of ineffective assistance of counsel ("IAC"). In support of his Motion, Movant filed an unsworn affidavit pursuant to 28 U.S.C. § 1746(2), in which he asserted:[2]

> - Arrested November 4, 2016, admitted at Salem County Jail in New Jersey, around 10 days. Attorney (Thomas O. Fitzpatrick) came to see me at County Jail via attorney's visit.
>
> - During preliminary stages, attorney came and showed me a document he claimed it is from the prosecutor's office in regards for me to cooperate. I decline such offer and express my desire to go to jury trial.
>
> - After decline several offers from the government to cooperate which was relied from the attorney. I transferred to FDC

2 The statements made in Movant's affidavit are copied verbatim.

> Philadelphia, January 31, 2017. Attorney came to see around springtime (cannot recall the exact time) of the year 2017, with a one-time offer from the government a 10 year plea without showing any documents to show proof. Attorney explain the 10 year plea is the mandatory minimum under 5 kilograms or more of cocaine.
>
> - Refused offer based in my mind at the time since the government offered so much in regards to cooperation and plea offers, I felt they lacked evidence to proof 5 kilograms or more of cocaine.
>
> - Thereafter for 19 months, Attorney and I prepared for trial based on the lack of evidence for the 5 kilograms of more of cocaine.
>
> - January 26, 2018, Attorney came to see me @ 12:00pm and he stated the Government said if I do not take this plea by 1:00pm that day, or the Government will start the paperwork for an 851 enhancement. The Attorney did not explain what the plea terms were nor the condition offered. Further, did not show me any documentation of plea offered and was submitted by the Government. Counsel did not explain the terms and conditions of the 851 enhancements nor the sentencing exposure.
>
> - During the Summer of 2018, Attorney came to see me and said the Government offered a plea for 15 to 25 years. No plea was shown to me by the Government. I decline such offer.
>
> - Two weeks ago before Trial, Attorney came to see me at the FDC and said the Government offered a C-plea for 19 years. Counsel did not explain what a C-plea was nor the terms and condition of the plea offer. No plea was shown to me by the Government.
>
> - Counsel did not explain to me that I will be facing an alternative jury instructions and jury verdict in regards to 500 grams or more of cocaine. He did not explain to me that the 500 grams or more of cocaine was not on the indictment and the difference of constructive amendment and he did not explain the sentencing exposure and if I can secure a plea offer. Or any sentencing exposure of any of the crime charged in the indictment, jury instructions, jury verdict, during and after trial proceedings.

(D.I. 499 at 35-36). With its Response, the Government filed an affidavit from trial counsel. (D.I. 513 at 14-15).

## II. GOVERNING LEGAL PRINCIPLES

Section 2255 allows a federal prisoner to file a motion in the sentencing court to vacate, set aside, or correct a sentence on the "ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). As a collateral challenge, a § 2255 motion "is reviewed much less favorably than a direct appeal of the sentence." *See United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) (citing *United States v. Frady*, 456 U.S. 152, 167–68 (1982)). "Indeed, relief under § 2255 is available only when the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice, and . . . present[s] exceptional circumstances where the need for the remedy afforded by the writ . . . is apparent." *See id.* (internal quotation marks omitted) (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962))). A § 2255 movant generally bears the burden of showing his entitlement to relief. *See United States v. Bentley*, 49 F.4th 275, 283 (3d Cir. 2022); *United States v. Davies*, 394 F.3d 182, 189 (3d Cir. 2005); *United States v. Hollis*, 569 F.2d 199, 205 (3d Cir. 1977). Vague and conclusory allegations "may be disposed of without further investigation by the District Court." *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000).

A district court is required to hold a hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). This is a low bar to meet. *See United States v. Arrington*, 13 F.4th 331, 334, 336 (3d Cir. 2021). To determine if a hearing is warranted, the Court must: (1) "take all of the movant's 'nonfrivolous factual claims' as true;" and (2) "decide 'whether, on the existing record, those claims that are nonfrivolous conclusively fail to show' that" the movant is entitled to relief. *See United States v. Lyons*, 173 F.4th 491, 499 (3d Cir. 2026) (quoting *United States v. Dawson*,

857 F.2d 923, 927 (3d Cir. 1988)). "A hearing is warranted where . . . resolution of the motion turns on credibility or disputed facts, or the record is inconclusive about whether a movant is entitled to relief." *Arrington*, 13 F.4th at 335. A § 2255 motion may be dismissed without a hearing if: (1) the allegations, accepted as true, would not entitle the movant to relief; or (2) "the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *United States v. McCoy*, 410 F.3d 124, 134 (3d Cir. 2005) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

Generally, it is preferable for IAC claims to be brought in a § 2255 proceeding regardless of whether the claims could have been raised on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504 (2003). These claims are reviewed pursuant to the two-pronged standard established in *Strickland v. Washington,* 466 U.S. 668 (1984). Under the first *Strickland* prong, a movant must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *E.g.*, *id*. at 688, 690. Although not insurmountable, this standard is highly demanding and leads to "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *See, e.g.*, *id.* at 689. Under the second *Strickland* prong, a movant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *E.g.*, *id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* A court can choose to address the prejudice prong before the performance prong and can reject an IAC claim solely on the grounds that the movant did not satisfy one of the prongs. *See, e.g.*, *Strickland,* 466 U.S. at 697.

*Strickland* applies in the plea bargain context. *Lafler v. Cooper*, 566 U.S. 156, 162-63 (2012) (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)). To show prejudice in this context:

> a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Lafler*, 566 U.S. at 164. If a nonfrivolous IAC claim raised in a § 2255 motion "does not *conclusively* fail either prong of the *Strickland* test, then a hearing must be held." *See Arrington* 13 F.4th at 334 (quoting *Dawson*, 857 F.2d at 928).

## III. <u>DISCUSSION</u>

In his timely § 2255 Motion and Memorandum of Law, Movant raises the following IAC claims: (1) "Counsel failed to investigate whether Movant did or did not qualify for an 851 enhancement and [a codefendant's] plea agreement during plea negotiation[s];" (2) "Counsel failed to research relevant law pertaining to the variance of the lesser included offense;" and (3) "Movant decline[d] plea offer due to Counsel['s] misadvice about potential sentence." (D.I. 499 at 4, 19, 22, 30). The Government argues that, even assuming Movant's allegations are true, he does not satisfy his burden under *Strickland,* and his claims should be denied without an evidentiary hearing because they "are essentially bald assertions lacking any evidentiary support." (D.I. 513 at 6).

### A. <u>Claim One: Alleged Ineffective Assistance of Counsel Relating to the § 851 Enhancement and a Codefendant's Plea Agreement</u>

In Claim One, Movant alleges that trial counsel failed to investigate whether Movant qualified for a § 851 enhancement and to inform Movant how the § 851 enhancement affected his potential sentence exposure. (D.I. 499 at 16, 19-22; D.I. 519 at 1-2). Embedded within that issue, Movant also alleges that trial counsel failed to research the terms of a codefendant's plea

agreement.[3] (*Id.* at 21-22). Liberally construing Movant's pro se Motion, as this Court must,[4] the Court will address both issues.

**1. <u>Section 851 Enhancement</u>**

In February 2018, the Government filed an Information to Establish Prior Conviction evidencing that Movant, because of prior convictions, was "subject to increased punishment under Title 21, United States Code, Sections 841(a)(1), (b)(1)(A), (b)(1)(C) and 851." (D.I. 172). One of the prior convictions on which this was premised was possession of a controlled substance within 1,000 feet of a school. (*Id.*; D.I. 172-2). On December 21, 2018—nearly three months after Movant was convicted, but prior to his sentencing—the First Step Act of 2018 was enacted, eliminating this offense as grounds for enhancement under § 851. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Prior to sentencing, the Government conceded that § 851 was no longer applicable. (D.I. 307). As a result, Movant's mandatory minimum was five years, instead of ten years. (D.I. 356 at 37). The fact that the § 851 enhancement was no longer applicable did not affect Movant's advisory sentencing guideline range. (D.I. 288 at 26; D.I. 296 at 27; D.I. 356 at 37-38).

Movant appears to assert two different arguments regarding the § 851 enhancement: (1) that counsel failed to investigate and inform him about how the enactment of the First Step Act would affect his potential sentence exposure; and (2) that counsel failed to investigate and inform him of how the § 851 enhancement, as the law stood during plea negotiations, affected his potential sentence exposure.

---

3 In its Response, the Government identifies this as "Claim Four." (D.I. 513 at 10-11).

4 *See, e.g.*, *Higgs v. Att'y. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011).

**a. <u>The First Step Act</u>**

Movant alleges: (1) "counsel failed to investigate when the Government filed an 851 enhancement on February 21, 2018, that Movant's prior conviction (possibly) did not qualify as a serious drug felony;" (2) "[c]ounsel failed to investigate whether Movant did or did not qualify for an 851 enhancement;" and (3) if "counsel would have researched legislation of the First Step Act of 2018 . . . counsel would have relieved pressure on his client by explaining the terms and condition of the 851 enhancement, including pending legislation that might pass in Congress, in which, would have been beneficial, it was beneficial." (D.I. 499 at 16, 19, 22). These statements suggest Movant is claiming that his counsel was ineffective for failing to advise him about a change in the law that occurred after Movant was convicted. Trial counsel's representation, however, does not fall below an objective standard of reasonableness for failing to anticipate or predict a change in the law resulting from the subsequent enactment of the First Step Act. *See, e.g., Sistrunk v. Vaughn*, 96 F.3d 666, 670-71 (3d Cir. 1996) (recognizing precedent that there is no general duty for defense counsel to anticipate changes in the law and holding counsel's failure to anticipate change in law did not constitute ineffective assistance); *see also Talley v. United States*, 771 F. Supp. 3d 1252, 1259 (M.D. Ala. 2025), *certificate of appealability denied*, No. 25-11306, 2026 WL 1078039 (11th Cir. Apr. 8, 2026) (holding counsel was not ineffective for failing to make decisions or seek continuance based on First Step Act, which was not enacted until almost six months after movant was sentenced); *Howard v. United States*, Civ. Act. No. 20-496-JB-MU, 2021 WL 900644, at *10 (S.D. Ala. Feb. 10, 2021), *report and recommendation adopted*, 2021 WL 890579 (S.D. Ala. Mar. 9, 2021) (holding counsel's performance was not deficient for advising movant that he faced potential life sentence due to § 851 enhancement even though subsequent enactment of First Step Act resulted in enhancement no longer being applicable at

sentencing in light of "wall of binding precedent that shuts out any contention that an attorney's failure to anticipate a change in the law constitutes ineffective assistance of counsel").

Having found that Movant's claim fails under *Strickland*'s first prong, the Court does not need to address prejudice. Accordingly, to the extent Movant alleges that trial counsel was ineffective for failing to investigate and inform him about how the enactment of the First Step Act would affect his potential sentence exposure, the Court denies that claim.

**b. Effect of Section 851 Enhancement During Plea Negotiations**

Movant also appears to allege that counsel failed to investigate and inform him of how the § 851 enhancement, as the law stood during plea negotiations, affected his potential sentence exposure. Movant says that counsel did not explain the terms and conditions of the § 851 enhancement or whether it applied to Movant. (D.I. 499 at 21, 35).

Movant's own admissions cast doubt on this claim. In his Memorandum, Movant states that "counsel focused his attention too much on the Government filing an 851 enhancement" and "examined . . . [the] 851 enhancement," and admits that he was aware that the Government was going to file for a § 851 enhancement (D.I. 499 at 20, 21, 24). Movant acknowledges that counsel relayed numerous plea offers to him and explained that his mandatory minimum (prior to the § 851 enhancement) was ten years if he was found attributable for five kilograms or more of cocaine. (D.I. 499 at 35-36). Movant further admits that counsel explained that the January 2018 offer had to be accepted by a certain deadline or the Government was going to file paperwork for the § 851 enhancement. (*Id.* at 35). Movant also admits rejecting plea offers both before and after the Government filed the § 851 Information. (*Id.*). Finally, in a pretrial colloquy on September 11, 2018, Movant confirmed that he was aware of and rejected a plea offer from the Government and did not raise any confusion, misunderstanding, or lack of information regarding his sentence exposure or the effect of the § 851 enhancement. (D.I. 355 at 33-34). Although Movant's own

admissions appear inconsistent with his claim that counsel failed to investigate and inform him of how the § 851 enhancement affected his potential sentence exposure, they do not conclusively refute that claim.

In trial counsel's affidavit, he avers that he reviewed and researched § 851 and discussed its applicability with Movant. (D.I. 513 at 14). Although counsel supports his affidavit with an email he sent to his legal assistant regarding § 851 and an email from the Assistant United States Attorney indicating that the Government would be filing a § 851 notice, he has not provided any documentation evidencing his discussions with Movant regarding § 851. (D.I. 513 at 14, 16, 17). Therefore, whether Movant's counsel was ineffective for allegedly failing to investigate and inform him of how the § 851 enhancement, as the law stood during plea negotiations, affected his potential sentence exposure arguably turns, at least in part, on a credibility determination. While the record does not conclusively demonstrate that Movant is entitled to relief, it also does not conclusively show that he is not. Given the low threshold for obtaining an evidentiary hearing on a § 2255 motion, the Court will conduct a hearing on whether trial counsel investigated and informed Movant regarding the potential implications of the § 851 enhancement, as the law stood during plea negotiations, on Movant's sentencing exposure and whether Movant was prejudiced[5] by any failure to do so. *See Arrington*, 13 F.4th at 335 (providing hearing warranted where resolution of § 2255 motion turns on credibility or disputed facts); *Dawson*, 857 F.2d at 930

---

5 To demonstrate prejudice in the context of a plea rejection, one of the elements a movant must show is that that but for the ineffective assistance of counsel there is a reasonable probability that the movant would have accepted the plea offer. Movant does not explicitly make that claim. Rather, Movant states he "would not have turn [sic] down a plea [if] counsel would have simply did a [sic] research and provide sound advice" (D.I. 499 at 32) and had he known about the "increased punishment of Section 851, it would have made all the difference of whether to plead guilty or not" (D.I. 519 at 2). The Court finds those allegations sufficient to pass the low bar for obtaining a hearing on a § 2255 motion.

(stating "[c]redibility is a question of fact to be decided by the finder of fact based on face-to-face observation").

### 2. Codefendant's Plea Agreement

In his Memorandum, Movant discusses "strategic" actions taken by the Government regarding using the § 851 enhancement and the sealing of a codefendant's plea agreement to "pressure" Movant to take a plea deal. (D.I. 499 at 16). Movant then alleges that his counsel failed to investigate the codefendant's plea agreement during the time of Movant's own plea negotiations. (D.I. 499 at 19, 21, 22). To the extent Movant has attempted to raise a claim that his counsel was ineffective for failing to investigate the codefendant's plea agreement, that claim fails.

Movant acknowledges that his codefendant's memorandum of plea agreement and the transcript of the plea hearing were sealed on the same day they were released. (D.I. 499 at 19). Additionally, the transcript from Movant's pretrial conference on September 11, 2018 indicates that his trial counsel did not receive information regarding the cooperators until that morning, just days before jury selection began. (D.I. 355 at 12). As indicated in the Government's Response, it is common practice for the Government to safeguard details involving cooperating witnesses until very close to trial. (D.I. 513 at 10). In fact, criminal defendants are not legally entitled to pretrial disclosure of prosecutorial witness impeachment material. *See United States v. Ruiz*, 536 U.S. 622 (2002) (holding Constitution does not require Government to disclose material impeachment information before entering into plea agreement with criminal defendant); *United States v. Higgs*, 713 F.2d 39, 44 (3d Cir. 1983) (holding evidence that goes to credibility of cooperating witness can be disclosed on same day witness testifies without undermining due process right to fair trial). Furthermore, in his affidavit, trial counsel averred that he advised Movant "of the likelihood of cooperators and the impact of cooperator testimony on [Movant] at trial (based on the limited

cooperator information provided by the Government and [his] knowledge as an experienced criminal counsel).” (D.I. 513 at 14). Movant has not disputed this. Even without considering trial counsel’s affidavit, Movant has failed to demonstrate that counsel’s representation fell below an objective standard of reasonableness for failing to investigate the terms of the codefendant’s plea agreement during Movant’s plea-bargaining stage. To the extent Movant is suggesting counsel should have requested this information from the Court, the precedent cited above shows that counsel would not have been entitled to that information; therefore, he cannot be deemed ineffective for failing to request it. *See Werts v. Vaughn*, 228 F.3d 178, 203 (3d Cir. 2000) (providing “counsel cannot be deemed ineffective for failing to raise a meritless claim”); *United States v. Sanders*, 165 F.3d 248, 253 (3d Cir.1999) (holding there is no IAC based on attorney’s failure to raise meritless argument).

Having failed the first *Strickland* prong, the Court need not address the prejudice prong. Nevertheless, the Court finds that Movant has failed to provide anything to demonstrate prejudice other than a conclusory statement that researching codefendant’s plea agreement “would have given Movant an opportunity to decide knowingly whether to decline or [accept] a plea offer.” (D.I. 499 at 22). Movant does not provide any information about the codefendant’s plea agreement or indicate how any information therein would have affected his decision to refuse the Government’s plea offers. Accordingly, Movant has failed to show that any alleged failure of counsel to research the terms of the codefendant’s plea agreement resulted in a reasonable probability that he would have accepted any of the plea offers, that the prosecution would not have withdrawn them in light of intervening circumstances, or that the court would have accepted the terms of any of the offers.

Having failed both *Strickland* prongs, Movant's claim that counsel was ineffective for failing to research the terms of a cooperating codefendant's plea agreement is denied.

### B. Claim Two: Alleged Ineffective Assistance of Counsel Relating to the Indictment, Jury Instructions and Jury Verdict Form

Prior to deliberations, the Court instructed the jury how to complete the Jury Verdict Form, which included an interrogatory, only to be answered if the jury found Movant guilty of Count I, requiring the jury to determine the weight of cocaine attributable to Movant. (D.I. 241; D.I. 244; D.I. 245; D.I. 255 at 1-2; D.I. 283 at 148-150). The jury found Movant attributable for 500 grams or more, but less than five kilograms, of cocaine. In Claim Two, Movant alleges "Counsel was incompetent of *Apprendi* Rule and Third Circuit Jury Instructions pertaining to the weight of controlled substance leaving the Movant exposed to a lesser-included offense, that is, 500 grams o[r] more of cocaine that was not charged in the superseding indictment. This led to the failure of counsel to object to the variance between [sic] the indictment and jury verdict, it allowed the jury to find the Movant guilty of a lesser-included offense instead of 5 kilograms or more of cocaine, in which, he was found not guilty." (D.I. 499 at 16-17). Although not entirely clear, it appears Movant is claiming that counsel was ineffective for failing to object to the indictment on the grounds that it did not include a charge for the lesser included offense, for failing to argue that there was a constructive amendment to the indictment, and for failing to object to the jury instructions and jury verdict form for being inconsistent with what was charged in the indictment. (D.I. 499 at 24-27). Movant's argument indicates a misunderstanding of the law.

#### 1. The Indictment

First, an indictment charging a greater offense provides sufficient notice to a defendant that he is subject to the lesser included offenses as well. *See* Fed. R. Crim. P. 31(c) (2002); *United States v. Schmuck*, 489 U.S. 705, 718 (1989); *see also United States v. Freeman*, 763 F.3d 322,

333 (3d Cir. 2014) (citing case law across circuits finding indictment charging greater offense is sufficient notice to defendant that he may be called to defend a lesser included charge). Third Circuit precedent has already established that a conspiracy under 21 U.S.C. § 846 to distribute less than a specified quantity of a controlled substance is a lesser included offense of a conspiracy to distribute a greater quantity. *See Freeman*, 331-34; *see also United States v. Lacy*, 446 F.3d 448, 455 (3d Cir. 2006) (stating that possession with intent to distribute unspecified quantity of cocaine is a lesser included offense of possession with intent to distribute five grams or more of cocaine). Accordingly, Movant's trial counsel had no basis to object to the indictment on the grounds that it did not include a charge for the lesser included offense.

**2. <u>Constructive Amendment</u>**

Second, there was no constructive amendment of Movant's indictment. "A constructive amendment occurs where trial evidence or arguments 'modify essential terms of the charged offense in such a way that there is a substantial likelihood that the jury may have convicted the defendant for an offense differing from the offense' charged in the indictment." *United States v. Cammarata*, 145 F.4th 345, 361 (3d Cir. 2025) (quoting *United States v. Daraio*, 445 F.3d 253, 259-60 (3d Cir. 2006)). A jury instruction and conviction on a lesser included offense is not a constructive amendment. *See United States v. Anthony*, 458 F. App'x 215, 219 (3d Cir. 2012) (holding district court's instruction on lesser included offense of distributing and possessing with the intent to distribute five grams of cocaine when indictment charged fifty grams did not constitute a constructive amendment); *United States v. Taylor*, 816 F.3d 12 (2d Cir. 2016), (holding conviction of conspiracy to distribute and possess with intent to distribute for an amount of cocaine less than that charged in indictment was not constructive amendment); *United States v. Roberts*, Crim. No. 19-134 (FLW), 2021 WL 4733061, at *4 (D.N.J. Oct. 7, 2021) (holding constructive amendment did not occur where defendant was indicted under §§ 841(b)(1)(A) and (b)(1)(B) and

jury was instructed on and convicted defendant of the lesser included offenses pertaining to lower quantities of mixture of substance containing heroine under §§ 841(b)(1)(B) and (b)(1)(C)). Therefore, because there was no constructive amendment of Movant's indictment, any failure to raise such a claim by Movant's counsel does not constitute ineffective assistance of counsel.

**3. <u>Jury Instructions and Verdict Form</u>**

Third, the jury instructions and jury verdict form were substantially the same as the Third Circuit Model Criminal Jury Instructions. *Compare* D.I. 241 at 31, 47-48; D.I. 244 at 1-2; D.I. 283 at 134-35, 148-50; and D.I. 255 *with* 3d Cir. Model Crim. Jury Instructions 6.21.846B and 6.21.841C. "It is axiomatic that 'trial judges should use the model jury instructions when applicable.'" *United States v. Wilson-Garcia*, Civ. No. 10-146 (Erie), 2012 WL 226032, at *4 (W.D. Pa. Jan. 25, 2012) (quoting *Brown v. Greene,* 577 F.3d 107, 113 (2nd Cir.2009)). Therefore, trial counsel cannot be found to have acted in an objectively unreasonable manner for not objecting to the use of an applicable model jury instruction. *See id.* (collecting cases supporting principle that trial counsel's failure to object to or reliance on applicable model jury instruction cannot be said to fall below objective standard of reasonableness).

Moreover, Third Circuit precedent requires a district court to give a requested instruction on a lesser included offense where it is supported by the evidence. *See Vujosevic v. Rafferty*, 844 F.2d 1023, 1027 (3d Cir. 1988). Movant does not allege that the jury instruction contained a misstatement of law or that it was not supported by the evidence, only that it should not have been given in his case because the lesser included offense was not charged in his indictment. Additionally, Federal Rule of Criminal Procedure 31, which governs jury verdicts, provides in pertinent part: "(c) Lesser Offense or Attempt. A defendant may be found guilty of . . . an offense necessarily included in the offense charged." Fed. R. Crim. P. 31(c) (2002). As noted above, Third Circuit precedent provides that a conspiracy under 21 U.S.C. § 846 to distribute less than a

specified quantity of a controlled substance is a lesser included offense of a conspiracy to distribute a greater quantity. Accordingly, Movant has failed to demonstrate that his counsel's representation fell below an objective standard of reasonableness for failing to object to the jury instructions and jury verdict form for being inconsistent with what was charged in the indictment.[6]

### 4. ***Apprendi***

Finally, Movant's reference to *Apprendi* is also misplaced. In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the United States Supreme Court, in the context of construing a state statute, held that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury, and proven beyond a reasonable doubt. *Apprendi* referenced *Jones v. United States,* 526 U.S. 227, 243 n.6 (1999), in which the Supreme Court, in construing a federal statute, stated that "any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." The facts of Movant's case, however, do not involve an increase in the prescribed statutory maximum. Movant was convicted of a lesser included

[6] Although Movant's claim that trial counsel provided ineffective assistance by failing to object to the jury instructions and verdict form can be denied without relying on trial counsel's affidavit, the Court nonetheless notes that trial counsel averred that his decision not to object to the interrogatory on the verdict form was a strategic one, given the fact that Movant faced a "more serious charge" associated with five kilograms or more of cocaine, a charge for which Movant was acquitted. (D.I. 513 at 14-15). "[D]ecisions such as when to object and on what grounds are primarily matters of trial strategy and tactics, and thus are virtually unchallengeable absent exceptional grounds for doing so." *Smith v. Parker*, C.A. No. 22-99 (MN), 2024 WL 4854308, at *8 (D. Del. Nov. 21, 2024) (citing *United States v. Cohen*, 427 F.3d 164, 170 (2d Cir. 2005)). Movant claims that the decision was unreasonable and not strategic because the acquitted conduct was considered during sentencing. (D.I. 519 at 3). Counsel's decision, however, involved strategy regarding the guilt phase of Movant's trial. The fact that the law, at that time, permitted the consideration of acquitted conduct during sentencing does not negate the fact that counsel's decision falls within the wide range of professionally reasonable conduct under *Strickland*.

offense, which did not increase his prescribed statutory maximum. Therefore, neither *Apprendi* nor *Jones* is relevant.

**5. Conclusion**

The Court concludes that Movant's claims regarding the indictment, constructive amendment, the jury instructions, the jury verdict form and *Apprendi* have no merit and, therefore, Movant has failed to demonstrate that trial counsel's performance fell below an objective standard of reasonableness for failing to object to the indictment on the grounds that it did not include a charge for the lesser included offense, for failing to argue that there was a constructive amendment to the indictment, and for failing to object to the jury instructions and jury verdict form for being inconsistent with what was charged in the indictment. *See Werts*, 228 F.3d at 203 (providing "counsel cannot be deemed ineffective for failing to raise a meritless claim"); *Sanders*, 165 F.3d at 253 (holding there is no IAC based on attorney's failure to raise meritless argument).

Finding that Movant has failed to satisfy the first *Strickland* prong, the Court does not need to address the issue of prejudice. Nevertheless, the Court finds that Movant cannot demonstrate prejudice because even if trial counsel had raised arguments or objections on the grounds stated, those arguments or objections would have been denied as meritless.

Therefore, for the reasons stated above, the Court denies Claim Two.

**C. Claim Three: Alleged Ineffective Assistance of Counsel for Failing to Inform Movant That Acquitted Conduct Could Be Considered at Sentencing and That He Could Be Convicted of a Lesser Included Offense**

Applying the law applicable at the time of sentencing, the Court determined that, under a preponderance of evidence standard, the evidence supported finding Movant attributable for five kilograms or more of cocaine. (D.I. 356 at 26-30). The Court used that weight in calculating an advisory guideline range of 292 to 365 months for Count I. (D.I. 356 at 37-38, 89). In Claim Three Movant alleges that counsel was ineffective for failing to inform him that conduct for which he

was acquitted—that the amount of cocaine attributable to him was five kilograms or more—could be considered at sentencing. (D.I. 499 at 30-33). In his argument, Movant acknowledges that counsel's trial strategy resulted in an acquittal as to the charge pertaining to five kilograms or more. (D.I. 499 at 31-32). Nevertheless, in his affidavit, Movant avers that:

> Counsel did not explain to me that I will be facing an alternative jury instruction[] and jury verdict in regards to 500 grams or more of cocaine. He did not explain to me that the 500 grams or more of cocaine was not on the indictment and the difference of constructive amendment and he did not explain the sentencing exposure and if I can secure a plea offer. Or any sentencing exposure of any of the crime[s] charged in the indictment, jury instructions, jury verdict, during and after trial proceedings.

(D.I. 499 at 36). Liberally construing Movant's statements, he appears to be claiming that counsel provided ineffective assistance for both failing to inform him that acquitted conduct could be considered at sentencing and that he could be convicted of a lesser included offense.

### 1. <u>Alleged Failure to Inform Movant that Acquitted Conduct Could Be Considered at Sentencing</u>

In trial counsel's affidavit, he refutes the claim that he failed to inform Movant that acquitted conduct could be considered at sentencing, stating he "advised [Movant] of potential sentences including aggravating factors which may be considered by the Court. The alleged conduct, even unproven and uncharged conduct would have been included in that discussion." (D.I. 513 at 15). Movant's claim, therefore, arguably turns on a disputed issue of fact.

To be effective at the plea bargaining stage, defense counsel is required to inform his or her client of formal plea offers from the Government, *see Missouri v. Frye*, 566 U.S. 134, 145 (2012), as well as to provide "enough information to make a reasonably informed decision whether to accept a plea offer," *see United States v. Bui*, 795 F.3d 363, 367 (3d Cir. 2015) (internal quotation marks omitted). While familiarity with the structure and basic content of the Sentencing Guidelines has become a necessity for counsel who seek to give effective representation, defense

counsel is not required to "give each defendant anything approaching a detailed exegesis of the myriad arguably relevant nuances of the Guidelines." *United States v. Day*, 969 F.2d 39, 43 (3d Cir. 1992). Even "an erroneous strategic prediction about the outcome of trial is not necessarily deficient performance." *See Lafler*, 566 U.S. at 174.

Movant does not allege that counsel gave him incorrect advice. He merely alleges that counsel failed to inform him that acquitted conduct could be considered at sentencing. While the Court is inclined to conclude that such information falls within the "myriad arguably relevant nuances" of the Guidelines, the Court will err on the side of caution and proceed with an evidentiary hearing on this issue.

### 2. Alleged Failure to Inform Movant that He Could Be Convicted of a Lesser Included Offense

Neither the Government's Response nor trial counsel's affidavit address Movant's claim that counsel failed to inform him that he could be convicted for a lesser included offense. This claim cannot be resolved on the record before the Court. While the record does not conclusively show that Movant is entitled to relief, it also does not conclusively show that he is not. Consistent with the low threshold to obtain an evidentiary hearing on a § 2255 Motion, the Court will conduct a hearing on this claim.

## D. Motion for Leave of Court to File a Supplemental Pleading

During the pendency of the instant proceeding, Movant filed a "Motion (Under Leave of Court) to Request to File a Supplemental Pleading Fed. R. Civ. Pro. 15(d)." (D.I. 531). In the Motion for Leave, Movant claims that the enactment of "Amendment 826" is relevant to Claims Two and Three of his § 2255 Motion. (D.I. 531 at 1). The Court grants Movant's Motion for Leave and has considered the Supplement docketed at D.I. 535. As explained below, however, the arguments Movant makes in the Supplement do not assist him in pursuing his claims.

Amendment 826 references an amendment to the United States Sentencing Guidelines that took effect on November 1, 2024. In pertinent part, Amendment 826 modified the scope of relevant conduct used in calculating a sentencing range under the guidelines to exclude "conduct for which the defendant was criminally charged and acquitted in federal court, unless such conduct also establishes, in whole or in part, the instant offense of conviction." U.S. Sent'g Guidelines Manual § 1B1.3(c) (U.S. Sent'g Comm'n 2024). Movant's argument is not entirely clear, but it appears that he is arguing that the sentencing court erred by considering conduct prohibited from consideration by Amendment 826. Movant's § 2255 Motion, however, only contains claims for IAC and an amendment to the Sentencing Guidelines years after Movant was sentenced is irrelevant to those claims.

## IV. EVIDENTIARY HEARING

As previously discussed, the Court will hold an evidentiary hearing to further develop the facts with respect to Movant's ineffective assistance of counsel claims alleging that: (1) counsel failed to investigate and inform him of how the 21 U.S.C. § 851 enhancement, as the law stood during plea negotiations, affected his potential sentence exposure; (2) counsel failed to inform him that acquitted conduct could be considered at sentencing; and (3) counsel failed to inform him that he could be convicted of a lesser included offense. *See* Sections III.A.1.b and III.C. The Court, however, concludes that an evidentiary hearing is not warranted for any of Movant's other claims (as discussed in Sections III.A.1.a, III.A.2, and III.B) because the record conclusively demonstrates that Movant is not entitled to relief under § 2255 for those claims.

Pursuant to Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court will direct the Clerk of the Court to appoint CJA counsel to represent Movant during the evidentiary hearing.

## V. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2255 motion must decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). A certificate of appealability is appropriate when a movant makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court will not issue a certificate of appealability for Claim Two or the portions of Claim One that have been denied, because reasonable jurists would not debate the Court's conclusion that these claims do not warrant relief under § 2255. The Court will refrain from determining if a certificate of appealability should be issued for the undecided portion of Claim One and Claim Three until it makes a final determination following the evidentiary hearing on those claims.

## VI. CONCLUSION

For the reasons discussed, the Court denies the portions of Claim One discussed in Sections III.A.1.a and III.A.2 and Claim Two without holding an evidentiary hearing or issuing a certificate of appealability. The Court, however, will reserve judgment on the portion of Claim One discussed in Section III.A.1.b and Claim Three until it has held an evidentiary hearing. The Court will issue an Order consistent with this Memorandum Opinion.